IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRINA TRICHE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 3:13-CV-1755-D-BK |
| | § | |
| MIKE RAWLINGS, et al., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff filed a *pro se* amended complaint against Dallas Mayor Mike Rawlings and several Dallas City Council representatives. (Doc. 8). For the reasons that follow, this action should be dismissed for want of prosecution.

**I. BACKGROUND**

The Court granted Plaintiff's motion to proceed *in forma pauperis* and ordered her to brief the basis for this Court's subject matter jurisdiction over the claims in this case. (Doc. 6, 7). The Court then issued a questionnaire inquiring further about the claims alleged in the complaint. (Doc. 9). The deadline for Plaintiff's response was September 19, 2013. As of the date of this recommendation, however, Plaintiff has not responded to the Court's questionnaire, nor has she sought an extension of time to do so. Moreover, although it appears that Plaintiff has been incarcerated at the Dallas County Jail for over a month now, she has not apprised the Court of her new address. *See* Notice and Instruction to *Pro Se Party* (Doc. 2 ¶ 2), requiring the plaintiff to notify the Court of any change of address.[1]

---

[1] The Dallas County website indicates Plaintiff is incarcerated in the Dallas County Jail.

## II. ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to respond to the Court's questionnaire. She has impliedly refused or declined to do so. Moreover, the Court is not required to delay disposition in this case until such time as Plaintiff provides a current address. Therefore, this action should be dismissed without prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** without prejudice for want of prosecution. *See* FED. R. CIV. P. 41(b).

SIGNED September 23, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

       A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE